Caudwuli,, J.
The case arose in the police court and was there triedi and taken on a bill of exceptions to the court of common pleas where the judgment in the lower court was affirmed, and petition in error is prosecuted in this Court, and various errors are assigned as cause for having the lower, courts reversed.
The first question that arises upon the record in this case is whether we have any jurisdiction.
There is filed in this court a bill of exceptions. The first thing in that bill is a motion for. a new trial; the second is the information, and the third is the warrant; the fourth is the affidavit. These papers were filed in the original action and, when the bill of exceptions was taken from the police Court they were attached to the bill, and these papers with the bill of exceptions were all that we find among the papers in the case and all that have been filed in the higher courts.
*17 ¡The bill of exceptions purports to. contain all the testh,. mony in the case, and certain errors are alleged which, are made to appear from the bill of exceptions. One error com-: pláined of is that the verdict was against the weight of the . evidence; another is, that the party was deprived of a trial" by jury, contrary'to law.
■Jf we have jurisdiction in this matter, it will be necessary, tci examine these errors. But the first question is, whether . there is, in ibis court, any.recora of the court that first tried . the case. We find nothing that purports to show there was. filed in the court of common pleas a certificate of journal: entries of any kind as required by the statutes of the state. .!
Section 1785 of the Revised Statutes, declares the police court of this county or of this city to be a court of record ■ Sec. 5334 provides what shall go into that record:
•¡“The record shall be made up from the petition, the process, the return, pleadings subsequent thereto, reports, vem diets, judgments, and all material acts and proceedings of the court; but if items of an account,' or copies of papers attached to the pleadings, are voluminous, the court may order the record to be made by abbreviating the same or inserting a pertinent description thereof, or by omitting entirety-” _
_ Section 4964 provides that: “The provisions prescribing the duties of clerks of the court of common pleas shall, so far as they are applicable, apply to the clerks of other courts of record.”
Sec. 5228 provides:
“A party in any trust capacity,, who has given bond in this state with sureties according to law, shall not be required to give bond and security to perfect an appeql- and in such case, the clerk of the common pleas court, at the expiration-of thirty days from the entering to such judgment or ¡order upon the journal of the court, shall, if not otherwise directed, make a transcript, which 'together with the pqpers and pleadings, filed in the case, he’shall transmit to thb clerk of the circuit court as in other cases of appeal.’’ ¡Sec. '5235 provides:, . ■ ,•
¡“When an. appeal, is taken, and bond given',' the judgment is thereby suspended, unless some part-‘bf --the finab -: j'tídg *18 ment appealed from be an injunction, in which case such injunction shall not be suspended, except by order of the circuit court, or two judges thereof, on reasonable notice to the adverse party; arid the clerk of the common pleas court shall forthwith make an authenticated transcript of the docket and? journal entries and of the final judgment in the cause appealed; which transcript, together with the original papers and pleadings, he shall deliver at the office of the clerk of the circuit court, on or before the first day of the term thereof next after the appeal is prefected; and either party may require a full record to be made of the case in the court below, at his own costs.”
A similar provision is made for a transcript in cases taken on error from the common pleas court to the circuit court.
These sections are referred to because a former section, referred to makes them applicable to the police court — that being by statute, a court of record.
Sec. 7357 provides:
“On application by or on behalf of the accused to any officer whose duty it is to make a record or docket entries in any such case, and tender of the proper fee, such officer shall make and deliver to the accused or his counsel a complete certified transcript of the record, omitting, if so requested, any bill or bills of exceptions; or if the prosecution was before a court or tribunal in which a completé record is not made, a certified transcript of the judgment and all entries in the case, and on receipt of a copy of a summons as hereinafter mentioned, shall forward to the clerk of the court the original papers in the case.”
Sec. 7358 provides:
“The ^proceedings to review any such judgment shall be by petition in error, to which shall be attached such transcript, and also any original papers received by the clerk, except that in cases of felony it shall not be necessary to include in the transcript of the record any bill of exceptions, but the original bill of exceptions inay be attached in lieu of the transcript of the record thereof. And the court in which the review is sought may, be summary process, compel a more complete record to be furnished, and such original papers to be forwarded.”
John O. Winship, for Plaintiff in Error.
Prosecuting Attorney, for Defendant in Error.
Sec. 7356, provides in what courts final orders in criminal cases are to be reviewed
In this case we find no transcript at all, nor any thing that will answer the requirements of these sections of the statute. There is not even a bill of exceptions attached to the petition in error, nor are there any papers attached to the petition in error.
The only papers found in the case, from the trial court, are those I have named as attached to the bill of exceptions, and neither they nor the bill are attached to the petition in error.
Proceeding in error is a statutory remedy, purely so, and the requirements of the statute in order to give jurisdiction to a reviewing court must be strictly complied with; but this question has been repeatedly determined in this state, both in the supreme court and in the circuit court.
One case is found in 2 Cir. Ct. Repts. 129, another in 4 Cir. Ct. Repts. 524, and another in 9 Cir. Ct. Repts. 315;— and, in those opinions, will be found cited decisions from the Supreme Court. And we are satisfied from this review of the statutes and the decisions of the state, that the common pleas court was justified in affirming the judgment from the police court on the ground that there was no record such as is required by the law before that court; and, if the judgment is right for any good reason, it shouldnotbedisturbed.
We hold that there is no record in this case, that will warrant us in examining the questions that are presented. However, we have looked through the record and, if it was proper for us to decide, we would be justified in holding that the application for a jury trial was made after the case had really been commenced, and was not made in due time, and that the evidence is not so clearly against the verdict that we would be warranted in reversing it; and, in fact, we find no error in the record that is before us such as it is, that would warrant us in disturbing the verdict.
However, we do not undertake to adjudicate upon these questions because, owing to the state of the record, we have no jurisdiction in the matter. •
The judgment of the court below is affirmed.